# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | | |
|---|---|---|
| MALCOLM GATES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:12-CV-925-SNLJ |
| | ) | |
| BUTCH LIDDELL, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## <u>MEMORANDUM AND ORDER</u>

This matter is before the Court upon the motion of Malcolm Gates (registration no. 325525), an inmate at the Farmington Community Supervision Center, for leave to commence this action without payment of the required filing fee [Doc. #2]. For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $14.17. *See* 28 U.S.C. § 1915(b)(1). Additionally, the Court will order plaintiff to file an amended complaint.

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must

assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of plaintiff's account indicates an average monthly deposit of $70.83, and an average monthly balance of $15.48. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $14.17, which is 20 percent of plaintiff's average monthly balance.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or

fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989).  An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right.  *Spencer v. Rhodes*, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), *aff'd* 826 F.2d 1059 (4th Cir. 1987).  An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544,570 (2007).

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry.  First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950-51 (2009).  These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Id.* at 1949.  Second, the Court must determine whether the complaint states a plausible claim for relief. *Id.* at 1950-51. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950.  The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." *Id.*  The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." *Id.* at 1951.  When faced with alternative

3

explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's conclusion is the most plausible or whether it is more likely that no misconduct occurred. *Id.* at 1950, 51-52.

Moreover, in reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).

## The Complaint

Plaintiff, an inmate at the Farmington Community Supervision Center, seeks monetary relief in this action brought pursuant to 42 U.S.C. § 1983. The named defendants are Butch Liddell (Maintenance Worker II), Jane Doe #1 (Nurse Practitioner), Jane Doe #2 (Sick Call Nurse), Jeffery Clark (Registered Nurse), and E. Conley (Regional Medical Director). Defendants are being sued in their individual and official capacities.

Plaintiff alleges that, on May 17, 2010, defendant Liddell intentionally and maliciously "hit plaintiff with his van while plaintiff was walking on the walk returning from the afternoon meal to his housing unit." Plaintiff generally asserts that he sustained injury to his left elbow, left hip, and back, as well as "severe physical

4

and mental suffering and pain"; however, he does not specify the extent or explain the nature of these injuries.  In addition, plaintiff vaguely asserts that he "requested immediate medical treatment and was denied and/or delayed [treatment] by [the remaining defendants]."

### Discussion

The Court has reviewed the complaint under 28 U.S.C. § 1915 and believes that, although plaintiff may be able to assert a claim based upon the denial of his Eighth Amendment rights, he has failed to  set forth, in a simple, concise, and direct manner as to each named defendant, the specific factual allegations supporting each of his claims.   "Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights."  *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990); *see also, Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff); *Glick v. Sargent*, 696 F.2d 413, 414-15 (8th Cir. 1983) (respondeat superior theory inapplicable in § 1983 suits).

Moreover, to state a claim for unconstitutional medical mistreatment, a plaintiff must plead facts sufficient to indicate deliberate indifference to serious medical needs.  *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Camberos v. Branstad*, 73 F.3d

174, 175 (8th Cir. 1995).  To show deliberate indifference, a plaintiff must allege that he suffered objectively serious medical needs and that defendants actually knew of but disregarded those needs.  *Dulany v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir. 1997).  An Eighth Amendment claim for deliberate indifference to serious medical needs requires a plaintiff to allege the manner and respect in which each named defendant knew of and disregarded an excessive risk to plaintiff's health.  *Farmer v. Brennan*, 511 U.S. 825, 837 (1984).  In the instant case, plaintiff has failed to plead facts indicating that he suffered objectively serious medical needs, and his conclusory allegations relative to defendants Conley, Clark, and the Doe defendants are insufficient to indicate their deliberate indifference to his serious medical needs.

In addition, the Federal Rules of Civil Procedure require litigants to formulate their pleadings in an organized and comprehensible manner.  Even pro se litigants are obligated to abide by the Federal Rules of Civil Procedure.  *See U.S. v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994); *Boswell v. Honorable Governor of Texas*, 138 F.Supp.2d 782, 785 (N.D. Texas 2000); Fed.R.Civ.P. 8(a)(2)(complaint should contain "short and plain statement" of claims); Fed.R.Civ.P. 8(e)(2)(each claim shall be "simple, concise, and direct"); Fed.R.Civ.P. 10(b)(parties are to separate their claims within their pleadings "the contents of which shall be limited as far as practicable to a single set of circumstances").  Although the Court is to give the

6

complaint the benefit of a liberal construction, the Court will not create facts or claims that have not been alleged. Plaintiff is required, to the best of his ability, to set out in a simple, concise, and direct manner, not only his Eighth Amendment claims, but also the facts supporting these claims as to each named defendant.

As to the two Jane Doe defendants, the Court notes that, in general, fictitious parties may not be named as defendants in a civil action. *Phelps v. United States*, 15 F.3d 735, 739 (8th Cir. 1994). An action may proceed against a party whose name is unknown, however, if the complaint makes allegations sufficiently specific to permit the identity of the party to be ascertained after reasonable discovery. *Munz v. Parr*, 758 F.2d 1254, 1257 (8th Cir. 1985). Thus, in the amended complaint, plaintiff should ensure that his allegations relative to the Jane Doe defendants are sufficiently specific to permit their identity after reasonable discovery.

Because plaintiff is proceeding pro se, the Court will allow him time to file an amended complaint in accordance with this Memorandum and Order. In the amended complaint, plaintiff shall complete in its entirety the court-provided form for filing a complaint pursuant to 42 U.S.C. § 1983. Specifically, in the "Caption" of the form complaint, plaintiff shall set forth the name of each defendant he wishes to sue; and in the "Statement of Claim," plaintiff shall start by typing the first defendant's name, and under that name, he shall set forth in separate numbered paragraphs the

allegations supporting his claim(s) as to that particular defendant, as well as the right(s) that he claims that particular defendant violated.  Plaintiff shall proceed in this manner with each of the named defendants, separately setting forth each individual name and under that name, in numbered paragraphs, the allegations specific to that particular defendant and the right(s) that he claims that particular defendant violated.  The amended complaint must contain short and plain statements showing that plaintiff is entitled to relief, the allegations must be simple, concise, and direct, and the numbered paragraphs must each be limited to a single set of circumstances.  If plaintiff needs more space, he may attach additional sheets of paper to the amended complaint and identify them as part of the "Caption" or "Statement of Claim."  Plaintiff shall sign the amended complaint.

Because the Court is allowing plaintiff to amend his complaint, it will take no action as to the named defendants at this time.  Plaintiff is advised that his amended complaint will replace his original complaint and will be the only complaint this Court reviews.  The Court will not consider any claims or allegations that are not included in the amended complaint, even if they were asserted in the earlier complaint.

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in

forma pauperis [Doc. #2] is **GRANTED.**

**IT IS FURTHER ORDERED** that plaintiff shall pay an initial partial filing fee of $14.17 within thirty (30) days from the date of this Order.  Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that if plaintiff fails to pay the initial partial filing fee within thirty (30) days, without first showing good cause, the Court will dismiss this action without prejudice and without further notice to plaintiff.

**IT IS FURTHER ORDERED** that plaintiff shall file an amended complaint **on or before September 10, 2012**, that complies with this Memorandum and Order.

**IT IS FURTHER ORDERED** that, in addition to a copy of this Order, the Clerk shall mail plaintiff a copy of the Court's form for prisoners to file a "Complaint Under the Civil Rights Act, 42 U.S.C. § 1983."

**IT IS FURTHER ORDERED** that if plaintiff fails to comply with this Order, the Court will dismiss this action without prejudice and without further notice to plaintiff.  If the case is dismissed for non-compliance with this Order, the dismissal will not constitute a "strike" under 28 U.S.C. § 1915(g).

Dated this 6th  day of August, 2012.

_____

**UNITED STATES DISTRICT JUDGE**